## Pendennis Club, Inc., v. Alcoholic Beverage Control Board.

May 6, 1941.

50

Dodd & Dodd for appellant.

Earl S. Wilson for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

This appeal was perfected from a judgment entered upon a stipulation of facts to the effect that the appellant, the Pendennis Club, Incorporated, is, and at all times herein mentioned was, the holder of a Special Private Club License (hereinafter referred to as Special License) duly granted under Section 29, Subsection 7 of the Alcoholic Beverage Control Act, Kentucky Statutes Supplement 1939, Section 2554b-126, Subsection 7. That on May 27, 1940, it applied to the Administrator of the Distilled Spirits Unit of the Department of Revenue in Louisville, Kentucky, for a Retail Package License (hereinafter referred to as Package License) as provided for in Section 18 of the Alcoholic Beverage Control Act, Kentucky Statutes, Supplement 1939, Section 2554b-114, Subsection 5.

The Administrator under authority of Section 2554b-128, Kentucky Statutes Supplement 1939, rejected the application upon the ground that the applicant was the holder of a Special License and was not the holder of a Retail Drink License (hereinafter referred to as a Drink License) provided for in Section 18, Subsection 6 of the Alcoholic Beverage Control Act, Kentucky Statutes Supplement 1939, Section 2554b-114, Subsection 6. The order of the Administrator further recited that the applicant would be eligible to receive the license applied for if it should apply for, and be issued, a Drink License.

At appellant's request, a hearing was held before the Alcoholic Beverage Control Board, at the conclusion of which, the Board entered an order sustaining the action of the Administrator for the reasons recited above. On appeal to the Franklin circuit court judgment was rendered sustaining the action of the Board in refusing the license, but reversing its finding that the applicant would be entitled to the license applied for, even though it should apply for, and obtain, a Drink License, because in the opinion of the court a Drink License, as well as a Package License, "is inconsistent with a Special Private Club License" under provisions of Section 31 of the Al-

coholic Beverage Control Act, now compiled as Section 2554b-128, Kentucky Statutes Supplement 1939.

For a proper consideration of the soundness of the decree it is necessary to review the various sections of the Alcoholic Control Act dealing with the privileges, restrictions, and prohibitions attendant upon the procurement and use of all of said licenses.

A Special License may be obtained by "any nonprofit social, fraternal, military or political organization or club, which for more than one year prior to the date of application has maintained and operated a club room or rooms from which the general public is excluded. Such license shall authorize the licensee to exercise the privilege of Retail Drink Licensee at the designated premises, *provided the general public is excluded.* All restrictions and prohibitions applying to a Retail Drink Licensee shall apply to a Special Private Club Licensee." (Italics ours.) Kentucky Statutes Supplement 1939, Section 2554b-127, Subsection 7.

A Package License may be obtained by any person qualified under the statute, and authorizes the holder thereof "to purchase, receive, possess and sell distilled spirits and wine at retail in unbroken packages only and only for consumption off the licensed premises." Kentucky Statutes Supplement 1939, Section 2554b-122.

A Drink License may be issued to any person who qualifies under the Act and authorizes the holder thereof "to purchase, receive, possess and sell distilled spirits and wine at retail by the glass for consumption on the licensed premises. * * * Holders of Retail Drink Licenses are hereby prohibited from selling distilled spirits or wine by the package for consumption off the premises." Section 2554b-123, Kentucky Statutes Supplement 1939.

Section 31 of the Act, now compiled as 2554b-128, Kentucky Statutes Supplement 1939, provides that the licenses issued under Section 18 of the Act (which include both Package Licenses and Drink Licenses) and licenses issued under Section 29 of the Act (which include Special Licenses) shall be considered inconsistent with every other; and any person holding a license of any of the kinds above referred to is therein declared to be ineligible to apply for and is thereby prohibited from holding a license of another kind, "except nothing in this

section shall be construed to prevent the holder of a Retail Package License from holding also either a Retail Drink License * * *."

Appellant contends that the phrase "Retail Drink License" as used in the Alcoholic Beverage Control Act is a generic term inclusive of both a Retail Drink License and a Special License. Appellant further argues that it is just as logical to contend that the holder of a Special License is eligible to receive a Package License as it is to contend that the holder of a Drink License is eligible to receive a Package License. We are of the opinion that the Act is not susceptible of this construction. A fundamental rule of statutory construction is that statutes in pari materia should be construed together so that effect may be given to all of the provisions of each, if fairly and reasonably, such construction is possible. 25 R. C. L. 1060; Milner v. Gibson, 249 Ky. 594, 61 S. W. (2d) 273. Guided by this doctrine we find that each of the licenses under consideration is separately, plainly, and succintly defined and styled in the Act. The privileges granted to, as well as the restrictions and prohibitions imposed upon, the holder of each are clearly and definitely set out in separate sections, or divisions of sections of the Act. To further characterize each of them as distinct from, and independent of the other, the words descriptive of each have been capitalized in the Act. Certainly a phrase entirely capitalized throughout the Act, as clearly distinct, and as individually defined as is the phrase "Retail Drink License" in this Act, cannot fairly or reasonably be construed to be generic; nor can it be construed to have any meaning other than that expressly defined in the Act. But it is argued that it is no more farfetched to give the construction contended for than to permit the holder of a Drink License to apply for and obtain a Package License because Section 2554b-123 provides that a holder of a Drink License is prohibited from selling distilled spirits or wine by the package for consumption off the premises. Reading the Act as a whole we are constrained to the view that the prohibition thus imposed was merely a limitation on the authority granted for that particular license and was not intended to prohibit the holder thereof from exercising such privilege, if he should be so authorized by the granting of another license. In like manner do we construe that portion of 2554b-122 which provides that "Such retailers [holders of Package Licenses] may sell

only to consumers and may make deliveries **only** at the places designated in their licenses.''

The Act does not prevent a club from applying for a Package License or Drink License or both, if it should choose to do so, but it cannot receive either as long as it holds a Special License.

Wherefore the judgment is affirmed.